1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Ashraf Elgamal, individually and as)   No. CV-13-867-PHX-GMS (LOA)
    guardian ad litem for A.E, a minor;)
10  Amanda Elgamal, an adult,            )   (lead case)
                                         )
11                Plaintiffs,            )   **CONSOLIDATION ORDER**
                                         )
12  vs.                                  )
                                         )
13                                       )
    Jeh Johnson, Secretary of the Department)
14  of  Homeland  Security;  Alejandro)
    Mayorkas, Director of U.S. Citizenship)
15  and Immigration Services; John Ramirez,)
    Field Office Director; Rebecca Bernacke,)
16  in her individual capacity; Cynthia Harper,)
    in her individual capacity,          )
17                                       )
                  Defendants.            )
18                                       )
                                         )
19  ─────────────────────────────────────)
    Ashraf Elgamal, individually and as)   No. CV-14-040-PHX-LOA
20  guardian ad litem for A.E, a minor;)
    Amanda Elgamal, an adult,            )
21                                       )
                  Plaintiffs,            )
22                                       )
    vs.                                  )
23                                       )
    United States of America,            )
24                                       )
                  Defendant.             )
25  ─────────────────────────────────────)

26        There are several motions pending in these two related actions. On January 21, 2014,

27  Defendants lodged a Motion to Seal and Motion for Consolidation and Transfer, requesting

28  consolidation of these nearly identical cases presently assigned to two different judges in the

1   District Court of Arizona: *Elgamal v. Johnson*, CV-13-867-PHX- GMS (LOA) ("*Elgamal*

2   *I*") and *Elgamal v. United States of America*, CV-14-040-PHX-LOA ("*Elgamal II*"). (Sealed

3   docs. 73-74)  Defendants represent that Plaintiffs' counsel in both cases "[i]s not opposed

4   to the transfer and consolidation." (*Id.* at 2)  Defendants indicate both cases arise from the

5   same facts and circumstances surrounding the withdrawal of an I-140 petition filed on behalf

6   of Plaintiff Ashraf Elgamal. (*Id.*) The named Plaintiffs are the same in both cases, but the

7   defendants are different in each case. The only Defendant in *Elgamal II* is the United States

8   of America ("USA"). Also pending for rulings in *Elgamal I* are Plaintiffs' Motion for Leave

9   to File Second Amended Complaint, doc. 65, and Defendants' Motion for Stay of Case

10  Proceedings and Motion to Keep Case Filings Under Seal Pending Resolution of Discovery

11  Dispute, doc. 69.

12  **I. Background**

13      Generally, the *pro se* Complaint in *Elgamal* I, filed on April 29, 2013, asserts *Bivens[1]*

14  claims against several federal employees involved in the investigation of Mr. Elgamal's

15  application for adjustment of his immigration status and his subsequent complaint to the

16  Department of Homeland Security's ("DHS") Office for Civil Rights and Civil Liberties

17  ("CRCL"). *Elgamal II* alleges causes of action for negligence and negligent supervision

18  against Defendant USA, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§

19  1346, 2670-80, arising out of the Government's processing of Mr. Elgamal's application for

20  adjustment of status and subsequent complaint to CRCL. The facts alleged by Plaintiffs in

21  both cases are virtually identical. The Complaint in *Elgamal II* was lodged under seal on

22  January 9, 2014, pending the Court's ruling on whether it should be filed under seal, and

23  indicates that, *inter alia*, on or about July 5, 2013, Plaintiffs filed administrative claims with

24  U.S. Citizenship and Immigration Services ("USCIS") as required by the FTCA. (Sealed

25  doc. 2, ¶ 7 at 2) *Elgamal I* was referred to the undersigned Magistrate Judge for all

26

27      [1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.

28  388 (1971).

1    appropriate pretrial matters pursuant to Rule 72(a), Federal Rules of Civil Procedure, and

2    LRCiv 72.1(a). (Doc. 47) *Elgamal II* was randomly assigned to this Magistrate Judge

3    pursuant to LRCiv 3.7(a)(1).

4    Plaintiffs' counsel first appeared in *Elgamal I* on June 5, 2013, and, shortly thereafter,

5    filed the First Amended Complaint, which is presently sealed pending resolution of the

6    parties' discovery dispute discussed later herein. (Docs. 8-9) Defendants' counsel appeared

7    in *Elgamal I* on July 12, 2013, not long after service and review of the First Amended

8    Complaint. (Doc. 18) Defendant USA appeared in *Elgamal II* when it lodged and requested

9    sealing of its Motion for Consolidation and Transfer on January 21, 2014. To date, no

10   defendant has answered or otherwise responded to the complaint in either case.

11   Since mid-July 2013, counsel in *Elgamal I* have been embroiled in a discovery

12   dispute regarding the return of an alleged privileged document, known as the "Lilly

13   Memorandum," inadvertently disclosed to Plaintiffs during discovery in a related case,

14   *Marcella Mata and Ashraf Elgamal v. Janet Napolitano, etc.*; *et al.*, CV-12-289-PHX-ROS

15   ("*Mata*"). The *Mata* case was dismissed without prejudice by a different Arizona District

16   Judge on July 15, 2013. (Doc. 18 in CV-12-289-PHX-ROS) On July 19, 2013, the assigned

17   District Judge in *Elgamal I* granted Defendants an extension to answer until after the

18   resolution of the parties' Lilly Memorandum dispute, referred the discovery dispute to the

19   undersigned Magistrate Judge for resolution, and ordered all documents disclosing the

20   details of the Lilly Memorandum sealed until further order of the Court. (Doc. 23 at 3)

21   Relying on Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure

22   26(b)(5)(B), and (c), the *Elgamal I* Defendants requested a protective order, directing

23   Plaintiffs to gather and return to defense counsel all copies of the disputed Lilly

24   Memorandum until the Court decides the issues regarding its use, asserting the Lilly

25   Memorandum is protected from discovery by the deliberative-process and attorney-client

26   privileges. (Sealed doc. 20 at 1-2)  On December 23, 2013, and following express Ninth

27   Circuit authority that a district court lacks the power to issue a valid protective order to

28   compel the return of documents obtained through discovery in a separate action, this

1    Magistrate Judge denied without prejudice Defendants' request that a protective order issue

2    in *Elgamal I* for discovery inadvertently disclosed in the *Mata* case. (Sealed doc. 63) (citing

3    *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074 (9th Cir. 1988); *Whittaker Corp. v.*

4    *Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984)). The docket for the *Mata* case reflects

5    that, on January 10, 2014, Defendants filed, *inter alia*, a Motion to Reopen and Motion for

6    Protective Order. (Docs. 55; sealed doc. 56, CV-12-289-PHX-ROS) The time for briefing

7    has not expired.

8    On January 9, 2014, Plaintiffs moved for leave to file a Second Amended Complaint

9    in *Elgamal I*. Plaintiffs represent "[t]he primary purposes [for amendment is] adding Jeffrey

10   S. Blumberg and Margo Schlanger as individual defendants, streamlining the *Bivens* causes

11   of action, adding allegations concerning the statute of limitations, and updating information

12   that has been discovered since the filing of the First Amended Complaint." (Sealed doc. 66)

13   Defendants have not filed any opposition to Plaintiffs' requested amendment, but have filed

14   a Motion for Stay of Case Proceedings and Motion to Keep Case Filings Under Seal Pending

15   Resolution of Discovery Dispute. (Doc. 69)

16   For the reasons discussed below, the Court will grant the consolidation motion,

17   conditionally grant Plaintiffs' amendment request, and deny Defendants' motion to stay

18   these proceedings pending the parties' dispute regarding the Lilly Memorandum in the *Mata*

19   case.

20   **II. Consolidation**

21   "Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is

22   appropriate '[i]f actions before the court involve a common question of law or fact.'" *Hall*

23   *v. Medicis Pharmaceutical Corp.*, 2009 WL 648626, at *1  (D. Ariz. March 11, 2009). In

24   determining whether consolidation is appropriate, a district court "must balance the interest

25   of judicial convenience against the potential for delay, confusion and prejudice that may

26   result from such consolidation." *Sapiro v. Sunstone Hotel Investors, L.L.C.*, 2006 WL

27   898155, at *1 (D. Ariz. April 4, 2006); *see also In re Adams Apple, Inc.*, 829 F.2d 1484,

28   1487 (9th Cir. 1987); *Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd*, 2006 WL

1   2329466, at \*1 (N.D. Cal. 2006) (granting consolidation where common questions of law

2   and fact exist and judicial economy would be served). "Factors such as differing trial dates

3   or stages of discovery usually weigh against consolidation." *Sapiro*, 2006 WL 898155, \*1

4   (citing Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2383

5   (1995). "[T]he risk of inconsistent adjudications of common factual and legal issues"

6   generally weighs in favor of consolidation." *Id.* (citing *Malcolm v. Nat'l Gypsum Co.*, 995

7   F.2d 346, 350 (2d Cir. 1993)) (citations omitted). A district court has broad discretion to

8   determine whether consolidation is appropriate. *Investors Research Co. v. U.S. Dist. Court*

9   *for Cent. Dist. Of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

10           Under LRCiv 42.1(a), the consolidation or transfer of cases to a single judge is

11   permissible whenever two or more cases are pending before different judges on the grounds

12   that such cases: "(1) arise from substantially the same transaction or event; (2) involve

13   substantially the same parties or property; (3) involve the same patent, trademark, or

14   copyright; (4) call for determination of substantially the same questions of law; or (5) for any

15   other reason would entail substantial duplication of labor if heard by different Judges."

16   "Because the standard for transfer under LRCiv 42.1 is similar to the standard for

17   consolidation under Fed.R.Civ.P. 42(a), the Court has broad discretion in deciding a motion

18   to transfer under LRCiv 42.1(a)." *Addington v. US Airline Pilots Ass'n*, 2010 WL 4117216,

19   at \*1 (D. Ariz. Oct. 19, 2010) (citations omitted).

20           Based upon these standards, consolidation of *Elgamal I* and *II* is appropriate. These

21   actions undisputedly involve common questions of law and fact. Consolidating these actions

22   into one will enhance the efficiency of their resolution rather than litigating them separately.

23   Consolidation would conserve the time and effort of counsel and the district court, avoid

24   unnecessary expenses in resolving two separate lawsuits, and avoid the potential of

25   inconsistent outcomes. *Elgamal I* and *II* will be consolidated.

26   **III. Amendment**

27           Federal Rule of Civil Procedure 15(a)(2) provides, in relevant part, that "[t]he court

28   should freely give leave when justice so requires." "In deciding whether justice requires

1  granting leave to amend, factors to be considered include the presence or absence of undue

2  delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous

3  amendments, undue prejudice to the opposing party and futility of the proposed amendment."

4  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman*

5  *v. Davis*, 371 U.S. 178, 182 (1962)).

6        Despite the passage of nine months that *Elgamal I* has been pending, the Defendants

7  have still not answered or otherwise responded to the First Amended Complaint as the

8  parties' have spent an inordinate amount of time and effort on the claw back issue related

9  to the Lilly Memorandum. Overall, both *Elgamal I* and *Elgamal II* are in their infancy. There

10  has been no discovery between the parties in *Elgamal I*, the Rule 16 case management

11  conference has not been scheduled, and, of course, a trial date has not been set. Granting

12  Plaintiffs' conditional leave to amend to file a Second Amended Complaint to add two new

13  defendants and the FTCA claims alleged in *Elgamal II*, but without any mention of the Lilly

14  Memorandum, as if it had not inadvertently been disclosed in the *Mata* case, will not cause

15  undue delay of either consolidated case or undue prejudice to either Plaintiffs or Defendants.

16  Moreover, there is no evidence of Plaintiffs' bad faith or a dilatory motive by moving to

17  amend at this time and, without a developed record, it is too early in the litigation to

18  determine whether the claims to be alleged in the Second Amended Complaint are futile.

19  Plaintiffs' request for leave to file a Second Amended Complaint will be conditionally

20  granted. Moreover, if the Second Amended Complaint does not mention the Lilly

21  Memorandum, as if it had not inadvertently been disclosed in the *Mata* case, good cause will

22  not exist for so many requests that pleadings and other filings be filed under seal, which

23  unduly complicate the adjudication of the issues in these cases.

24  **IV. Motions to Stay**

25        Defendants request a stay of all case proceedings and deadlines in the lead case

26  "[u]ntil the discovery dispute is resolved in *Mata*[]" and "that all documents filed in this case

27  remain under seal." (Doc. 69 at 1-2)

28        A district court has discretion to stay civil proceedings in the interest of justice and

1  in the light of the particular circumstances of the case. *Grubbs v. Irey*, 2008 WL 906246, at

2  *1 n. 5 (E.D. Cal. March 31, 2008) (citing *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628

3  F.2d 1368, 1375 (D.C. Cir. 1980)). In determining whether a stay is appropriate, a district

4  court should consider the particular circumstances and competing interests involved, such

5  as:

6      (1) the interest of the plaintiffs in proceeding expeditiously with this litigation
or any particular aspect of it, and the potential prejudice to plaintiffs of a

7  delay; (2) the burden which any particular aspect of the proceedings may
impose on defendants; (3) the convenience of the court in the management of

8  its cases, and the efficient use of judicial resources; (4) the interests of persons
not parties to the civil litigation; and (5) the interest of the public in the

9  pending civil and criminal litigation.

10

11  *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995). It is within the

district court's discretion, however, to grant or deny a stay after weighing these factors. *Id.*

12      Here, there is no parallel criminal prosecution to warrant staying these civil cases to

13  protect a defendant's constitutional rights. Staying these consolidated cases is neither

14  reasonable nor necessary. If the Second Amended Complaint were to make no reference to

15  the Lilly Memorandum, as if it had not inadvertently been disclosed in the *Mata* case, there

16  would be no risk of prejudice to Defendants by disclosing confidential information that is

17  arguably privileged. Assuming Defendants obtain a claw back protective order in *Mata*,

18  whether the Lilly Memorandum is properly discoverable thereafter or even admissible in

19  evidence are issues that need not be resolved at this pleading stage nor must the purported

20  privileged portions of the Lilly Memorandum be alleged in a complaint to state a claim for

21  relief under Rule 12(b)(6), Fed.R.Civ.P. Further, granting the broad stay requested by

22  Defendants is inconsistent with the Civil Justice Reform Act's, 28 U.S.C. § 471 *et seq.*,

23  attempt to facilitate a speedier adjudication of civil cases and Rule 1's directive that "[t]hese

24  rules . . . should be construed and administered to secure the just, *speedy*, and inexpensive

25  determination of every action[.]" (emphasis added)  Moreover, staying these consolidated

26  cases denies the Plaintiffs the reasonably expeditious resolution of their claims; may

27  exacerbate their damages, if liability exists; and delays the public's interest in the exposure

28

1    of the alleged governmental misconduct of USCIS immigration officers.

2    Defendants' request "that all documents filed in this case remain under seal" is overly

3    broad and contrary to the public's "general right to inspect and copy public records and

4    documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435

5    U.S. 589, 597 & n. 7 (1978); *see also In Re Copley Press, Inc.*,518 F.3d 1022, 1028 (9th Cir.

6    2008) (The public's qualified right to access can be overcome if "(1) closure serves a

7    compelling interest; (2) there is a substantial probability that, in the absence of closure, this

8    compelling interest would be harmed; and (3) there are no alternatives to closure that would

9    adequately protect the compelling interest.") (citation omitted). Moreover, because the

10   public's right is not absolute, it does not apply to "documents which have traditionally been

11   kept secret for important policy reasons." *Id.* (citing *Times Mirror Co. v. United States*, 873

12   F.2d 1210, 1219 (9th Cir. 1989)).

13   The Ninth Circuit has made clear that a party seeking to seal a judicial filing bears the

14   burden of overcoming the strong presumption of openness by meeting the "compelling

15   reasons" standard before a filing may be properly sealed. *Kamakana v. City and County of*

16   *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Admittedly, there is "an exception to the

17   presumption of access to judicial records for a sealed discovery document attached to a

18   non-dispositive motion, such that the usual presumption of the public's right of access is

19   rebutted." *Id.* (internal quotation marks, brackets, emphases and citations omitted). The party

20   seeking to seal a discovery document or a document attached to a non-dispositive motion is

21   only required to meet the lower standard of "good cause" pursuant to Fed.R.Civ.P. 26(c).

22   *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

23   After considering all the *Keating* factors and in the exercise of its wide discretion, this

24   Magistrate Judge will deny Defendants' request to stay this action and that all documents

25   filed in this case remain under seal.

26   Good cause appearing,

27   **IT IS ORDERED** that Plaintiffs' Motion to Seal Complaint, doc. 1, in CV-14-040-

28   PHX-LOA is **GRANTED**, *nunc pro tunc*, to January 9, 2014, and unsealing this action

- 8 -

1 (*Elgamal II*), except the Complaint itself, doc. 2, shall remain **SEALED**.

2       **IT IS FURTHER ORDERED** that Defendants' Motion for Consolidation and

3 Transfer, sealed doc. 74, is **GRANTED**. The Clerk of Court is kindly directed to consolidate

4 the following two cases: *Elgamal v. Johnson*, CV-13-867-PHX-GMS (LOA) (*Elgamal I*)

5 and *Elgamal v. United States of America*, CV-14-040-PHX-LOA (*Elgamal II*). These cases

6 shall be consolidated into the lead case under Case No. CV-13-867-PHX-GMS (LOA). The

7 parties are hereby directed to utilize only the lead case number and its caption with the

8 addition of United States of America as a defendant on all future filings until further order

9 of the Court.

10       **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Second

11 Amended Complaint, doc. 65, is conditionally **GRANTED**, provided Plaintiffs comply with

12 this Order. The Second Amended Complaint, however, must not be the same one lodged

13 under seal on January 9, 2014, doc. 66, but rather, it must include all causes of action

14 Plaintiffs elect to allege in *Elgamal I* and *II*, without any mention of the Lilly Memorandum,

15 as if it had not inadvertently been disclosed in the *Mata* case. The Second Amended

16 Complaint must be initially lodged, not filed as a public document, **within 10 days** of the

17 entry of this Order and promptly served on Defendants. Within **7 days** of service,

18 Defendants may file an objection under seal solely on the issue whether the Second

19 Amended Complaint complies with this Order regarding the Lilly Memorandum. Absent a

20 timely objection by Defendants, the Clerk of Court is kindly directed to file the Second

21 Amended Complaint as a public document. Defendants' time to answer or otherwise respond

22 to the Second Amended Complaint is from the filing of the Second Amended Complaint.

23       **IT IS FURTHER ORDERED** that Plaintiffs are conditionally granted leave to file

24 a different amended complaint than the one lodged on January 9, 2014 in *Elgamal I* as

25 explained herein.

26       **IT IS FURTHER ORDERED** that Defendants' Motion for Stay of Case

27 Proceedings and Motion to Keep Case Filings Under Seal Pending Resolution of Discovery

28 Dispute, doc. 69, are **DENIED**. All documents filed under seal before the date of this Order

1  shall remain sealed until further order of the Court.

2          The Clerk of Court shall provide copies of this Order to all counsel of record.

3          Dated this 30th day of January, 2014.

4

5          _____

6                          Lawrence O. Anderson
                     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28